(No. 83-CC-1590— ▮▮▮▮▮▮▮▮

University of Chicago Hospital, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed May 17, 1984.*

Hayt, Hayt & Landau, for Claimant.

Neil F. Hartigan, Attorney General (Kathleen O'Brien, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This cause coming on to be heard on Respondent's motion to dismiss, due notice having been given and the Court being fully advised finds as follows:

The University of Chicago Hospital is here seeking a $2,793.60 vendor payment, as provided in section 11—13 of the Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 11—13), from the Illinois Department of Public Aid (IDPA), for inpatient neonatal services which it rendered to a newborn infant during May and June of 1979. The subject services began with the date on which the infant's mother, a public aid recipient, was discharged from

Claimant's hospital, and ended with the infant's discharge eight days later.

As explained by IDPA in its departmental report, hospitals are to bill both the mother's and the newborn's care to IDPA on a single invoice, covering services from the mother's admission for childbirth and including the days during which both mother and newborn were patients. Claimant did so in this case, and was paid in full by IDPA for the services furnished prior to the mother's discharge. The subsequent neonatal services for this infant are not, however, eligible for payment by the State, since at no time here relevant did the mother apply to IDPA to request recipient status for her newborn daughter. In the absence of such application, IDPA had no authority to determine the infant's eligibility for State-paid medical assistance.

As IDPA points out, a newborn child does not become a recipient simply as a result of his or her birth to a recipient mother. All persons wishing the benefits of recipient status must timely apply to IDPA for that status. In the case of minor children, the Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 11—15) provides that a parent, relative or guardian may apply for recipient status on the minor's behalf. IDPA's medical assistance program (MAP) *Handbook for Hospitals* outlines the procedures whereby the Claimant could have aided the mother in applying for MAP coverage for her infant. Since no application was submitted, there was no MAP coverage for the subject services.

Because this infant was not determined eligible for recipient status with respect to the period during which these services were rendered, payment by the State would be contrary to IDPA requirements.

It is hereby ordered that the claim be dismissed, the Claimant having failed to demonstrate an entitlement to payment for the subject neonatal services.